## GARD v. CLARK.

1. **Partnership:** POWERS AFTER DISSOLUTION. A member of the partnership, after dissolution thereof, is authorized to defend, in the name of the partnership, a suit against the firm, to appeal from the judgment, and to procure sureties on the appeal bond necessary to that end.

2. —— It is accordingly *held*, that the members of the partnership are liable in such case to a surety on the appeal bond, who is afterward compelled to pay the judgment.

*Appeal from Henry District Court.*

MONDAY, JULY 25.

THE facts are sufficiently stated in the opinion.

*L. G. Palmer* for the appellant.

*Ambler & Babb* for the appellee.

WILLIAMS, J. — The defendant was a member of a partnership doing business in Ohio, under the name of

Gard, Clark & Co. In Preble county, Ohio, one Pierson, after the dissolution of the partnership, brought suit against the partnership, and obtained service upon each of the members of the partnership, and recovered judgment in the court of common pleas of the county. Gard, Clark & Co. appealed to the district court of Preble county, Ohio, and Levi Gard, the plaintiff in this suit, not a member of the partnership of Gard, Clark & Co., signed the appeal bond in the case of *Pierson* v. *Clark, Gard & Co.* Judgment was rendered against Gard, Clark & Co., in the district court, and afterward suit was brought on the appeal bond, and judgment rendered against the sureties in the bond which was paid by Gard, the plaintiff in this case. To recover the money so paid, this suit is brought. The defendant claims that, as a member of the partnership of Gard, Clark & Co., he is not liable to pay the claim of the plaintiff, as it was created after the dissolution, and after the authority of a member of the partnership to bind the partnership by creating a new obligation had ceased.

It is not disputed that the claim paid by plaintiff for Gard, Clark & Co. was a debt due by Gard, Clark & Co., contracted by authority. The original obligation of Gard, Clark & Co. to Pierson was valid. The question then is : Can a suit against a partnership, after dissolution, be defended by a partner in the name of the partnership? A member of the partnership after dissolution is bound to pay the debts of the partnership, and, as an incident of this obligation, he is authorized to defend suits brought to enforce claims not valid against the partnership, and the right to defend includes the right to appeal, and as an appeal may require a bond with sureties, the right to defend includes all that is necessary to make a successful defense. The procuring of sureties in an appeal bond is a power that a partner has after the disso-

lution of the partnership. This case, then, is the same as if the appeal had been taken during the partnership and the surety in the appeal bond had paid the judgment against the partnership.

The judgment in the district court was for plaintiff, and it is

Affirmed.